IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CASE NO. 5:18-CR-00066-C-BQ-1 |
| LUKE AARON LONG | § | |

**REPORT AND RECOMMENDATION ON PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred by the United States district judge to the undersigned for the taking of a guilty plea. The parties have consented to appear before a United States magistrate judge for these purposes. This Report and Recommendation on Plea is submitted to the court under 28 U.S.C. § 636(b)(3).

**A.   Recommendation regarding Guilty Plea**

Defendant appeared with counsel before the undersigned United States magistrate judge who addressed the defendant personally in open court and informed the defendant of, and determined that the defendant understood, the admonitions contained in Rule 11 of the Federal Rules of Criminal Procedure.

The defendant pleaded guilty (under a written plea bargain agreement with the government) to *Count One of the Information charging defendant with a violation of 18 U.S.C. § 2252A(a)(5)(B), that is, Possession of Child Pornography.* The undersigned magistrate judge finds the following:

1. The defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. The defendant fully understands the nature of the charges (including each essential element of the offense(s) charged and penalties);

3. The defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. The defendant understands all constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. The defendant's plea is made freely and voluntarily;

6. The defendant is competent to enter this plea of guilty;

7. There is a factual basis for this plea; and

8. The ends of justice are served by acceptance of the defendant's plea of guilty.

Based on the above, I recommend that the defendant's plea of guilty be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly.

**B.     Recommendation regarding 18 U.S.C. § 3142(f)(1)(C) - Release or detention of a defendant pending sentence.**

The Government has not filed a motion to detain, thus requiring the court to determine what bond and/or other conditions of release would reasonably assure defendant's appearance as required and the safety of the community.  *See, e.g.*, 18 U.S.C. § 3142 (a), (b), & (c)(1)(B).  As a result, the undersigned set bond and conditions after reviewing the Pretrial Services Report (Bond Report) prepared by the U.S. Probation Officer assigned to this case, which stated that imposition of certain conditions would reasonably assure defendant's appearance and the safety of the community.

The undersigned also notes, however, the Probation Officer reports that, upon

being found guilty, defendant may be subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), as the offense to which he is pleading guilty, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), is an offense described in 18 U.S.C. § 3142(f)(1)(A).  As determined by the Fifth Circuit, possession of child pornography is a "crime of violence" within the meaning of 18 U.S.C. § 3142 (f)(1)(A) (*see United States v. Fitzpatrick*, 44 F. App'x 653 (5th Cir. 2002)), and would therefore qualify for mandatory detention.

While 18 U.S.C. § 3143(a)(1) authorizes a defendant to remain free on conditions of release subject to a previous order under 18 U.S.C. § 3142(f), such action is expressly subject to a satisfactory determination that the mandatory detention provisions of 18 U.S.C. § 3143(a)(2) are not controlling.  Under 18 U.S.C. § 3143(a)(2), a "judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A) . . . of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained" *unless* the officer finds:   (1) that there is a substantial likelihood of acquittal or new trial, *or* the government recommends no imprisonment; *and* (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.  In the present case, it appears doubtful, if not impossible, that defendant can satisfy all such requirements.  As a result, if the court accepts this Report and Recommendation on Plea, and adjudges defendant guilty, it is the further recommendation of the undersigned that defendant be detained pending imposition or execution of sentence, pursuant to 18 U.S.C. § 3143(a)(2).

Although I have conducted these proceedings and accepted the defendant's plea of

guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if the defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

Signed on August 1, 2018.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE